# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK SUTTON, <br><br> Petitioner, <br><br> v. <br><br> CALVIN JOHNSON, <br><br> Respondent. | Case No. ED CV 16-0532 FMO (JCG) <br><br> **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation ("R&R"), [Dkt. No. 17], Petitioner's Objections to the Report and Recommendation ("Objections"), [Dkt. No. 21], Respondent's Opposition to the Objections, [Dkt. No. 23], and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally reiterate the same arguments made in the Petition, and lack merit for the reasons set forth in the R&R. There is one issue however, that warrants brief discussion here.

In his Objections, Petitioner argues that he: (1) "did not receive credit towards the service of his Michigan Prison sentence because he was not available to the

1

Michigan Department of Corrections"; and (2) is thus "entitled to credit for time spent in custody towards the service of his federal sentence." (*See* Objections at 1-2.) In support of his argument, Petitioner attaches a letter he received from Jeremy Stoner ("Mr. Stoner"), a parole agent with the Michigan Department of Corrections, in which Mr. Stoner states that:

> I do not have documents verifying any credit for time served in regards to your parole violation. . . . It appears to me that you were held in federal custody until approximately 11/25/2009 before being transported back to Michigan for the parole violation after becoming available to the Michigan Department of Corrections. . . . I am not completely sure what you are requesting. I am assuming you think you should have received credit for time served while your federal criminal charges were pending but you were not available to the Michigan Department of Corrections, therefore not being held for us.

(Objections, Ex. A.) Notably, Mr. Stoner's statements are not based on any official prison documents or reports, and instead appear to be rooted in conjecture. (*See generally id.*) In any event, they do not show that Petitioner was not given credit towards the service of his Michigan prison sentence.[1]

In contrast, a Management Analyst at the Designation and Sentence Computation Center of the Federal Bureau of Prisons ("BOP") confirmed that, based on correspondence with and documents provided by the Records Audit Specialist at the Michigan Department of Corrections ("MDOC"): "[A]ll time Petitioner spent in custody from January 5, 2009, when he was arrested in California, to November 24, 2009, when he was sentenced in federal court, was credited towards service of his Michigan prison sentence." (Declaration of Ronald C. Williams in Support of Respondent's Answer ("Williams Decl.") ¶ 16(B).)

---

[1] Relatedly, the Parole Board Notice of Decision attached to Petitioner's Objections merely states that "it was noted for the record that parolee became available 11-25-09," and says nothing about crediting or not crediting Petitioner for his state imprisonment. (*See* Objections, Ex. B. at 2.)

2

Specifically, the MDOC Records Audit Specialist provided the BOP with Petitioner's MDOC Offender Movement Report, which indicated that from January 5, 2009 to November 24, 2009: "[Petitioner] earned credit on his [Michigan] sentence during this time. . . . As there was no 'abscond' [notation] during this period [on the Report], this [] supports that he received full credit on his [Michigan] prison sentence during this time period." (*Id.*, Ex. K at 3, 6.) As such, official MDOC records definitively contradict the notion that Petitioner did not previously receive credit for service of his Michigan sentence. *See Stratmon v. Schultz*, 2006 WL 1439398, at *6 (E.D. Cal. May 22, 2006) (denying Petitioner's habeas petition, in part, because prison disciplinary reports "contradict[ed] Petitioner's claim").

Accordingly, IT IS ORDERED THAT:

    1.     The Report and Recommendation is approved and accepted;

    2.     Judgment be entered dismissing this action with prejudice;

    3.     All pending motions are denied as moot and terminated; and

    4.     The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: January 10, 2017                                 /s/

                                                              HON. FERNANDO M. OLGUIN
                                                              UNITED STATES DISTRICT JUDGE